**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

DD OIL CO
*a West Virginia Corporation,* et al.,

Plaintiffs,

v. CIVIL ACTION NO. 2:24-cv-00101

WEST VIRGINIA DEPARTMENT OF
ENVIRONMENTAL PROTECTION, ET AL.,

Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendants' West Virginia Department of Environmental Protection, Katheryn Emery, and Harold D. Ward ("State Defendants"), Motion for Summary Judgment. (ECF No. 60.)[1] Also pending before the Court are Defendants' Katheryn Emery, and Harold D. Ward ("Individual Defendants"), Motions for Summary Judgment. (ECF Nos. 62, 64.) For the reasons more fully explained below, the motions are **GRANTED**.[2]

## ***I. BACKGROUND***

DD Oil Company and Drilco Oil and Gas Corporation ("Plaintiffs") are two West Virginia based corporations that are affiliated with one another. (ECF No. 28 at ¶¶ 1–2.) Both Plaintiffs engage in the "oil and gas" business, (*id.*), though it is unclear from the Amended Complaint what exactly that entails. Defendants are state agencies and officials who apparently are tasked with

[1] Also pending before the Court is Plaintiffs' Motion to File Out of Time Response to Defendants' Motions for Summary Judgment, (ECF No. 73). For good cause shown, the motion is **GRANTED**.
[2] Accordingly, Defendants' Motion to Exclude Plaintiffs' Experts, (ECF No. 53), is **DENIED** as **MOOT**.

enforcing West Virginia's environmental laws. (*See id.* at ¶¶ 3–5.)

At some point, Plaintiffs drew the attention of Defendants. Between 2016 and 2022, Defendants performed site visits at Plaintiffs' facilities. (*See id.* at ¶¶ 14–19.) Based on those visits, Defendants allegedly issued documentation of inspection violations ("Notices of Violation") corresponding with those site visits. (*Id.*) Upon Plaintiffs' belief, there was "no factual or legal basis" to issue the Notices of Violation, and the service of those notices were not proper. (*See, e.g.*, *id.* at ¶ 44.) Nevertheless, the Notices of Violation remained pending but not acted upon for years. (*See id.* at ¶ 20.)

In 2022, Plaintiffs filed suit against some of the Defendants in the U.S. District Court for the Northern District of West Virginia alleging "similar claims for violations of its federal constitutional rights" ("Previous Federal Suit"). (*Id.* at ¶ 21.) That suit was settled in August 2023. (*Id.* at ¶ 22.)

In March 2023, Defendants set about enforcing the Notices of Violation through civil action. (*See id.* at ¶¶ 14–19.) Defendants initiated three suits (collectively referred to here as the "Civil Enforcement Suits"). The first was filed in Ritchie County Circuit Court on March 3, 2023, alleging three violations of West Virginia law. (*Id.* at ¶ 14.) The second was filed on March 16, 2023, in Kanawha County Circuit Court, alleging an additional six violations of West Virginia law. (*Id.* at 18.) The third was filed in Roane County Circuit Court on March 30, 2023, alleging five more violations of West Virginia law. (*Id.* at ¶ 16.) Plaintiffs allege that Defendants had "no basis for or intention to assert the claims" in Civil Enforcement Suits until after Plaintiffs filed their Previous Federal Suit. (*Id.* at ¶ 23.)

Plaintiffs filed their Amended Complaint in this Court on December 2, 2024. (*Id.*) In the

Amended Complaint, Plaintiffs raised six causes of action: (1) retaliation for protected First Amendment activity under 42 U.S.C. § 1983; (2) violations of Plaintiffs' Fourteenth Amendment due process rights under § 1983; (3) violations of Article III, §§ 7, 10, and 17 of the West Virginia Constitution; (4) abuse of process; (5) civil conspiracy; and (6) general negligence. (*Id.* at ¶¶ 34–101.) All of these allegations stem from Defendants' use and alleged abuse of the process for issuing Notices of Violation and for initiating the Civil Enforcement Suits. (*See generally id.*) Plaintiffs seek "only injunctive relief, punitive damages, and attorney's fees, costs and expenses" from Defendant WVDEP, and "injunctive relief, punitive damages, attorney's fees, costs and expenses, plus monetary damages for monetary loss and non-monetary loss" from the rest of the Defendants. (*See, e.g.*, *id* at ¶¶ 100–101.)

Consequently, Defendants filed a motion to dismiss on January 10, 2025. (ECF Nos. 29, 30.) This Court, by Memorandum Opinion and Order dated April 7, 2023, granted in part and denied in part that motion. (ECF No. 17.) At the current stage of this litigation, Plaintiffs' remaining claims against the Individual Defendants include (1) Count I: Violations of the First Amendment of the United States Constitution; (2) Count III: Violations of the West Virginia Constitution – Freedom of Speech and Right to Petition (only seeking prospective injunctive relief); and (3) Count V: Civil Conspiracy. (ECF Nos. 63 at 7, 65 at 5.) The state constitutional violations within Count III are Plaintiffs' only remaining claim against the State Defendants. (ECF No. 61 at 8.)

Defendants filed their answers for the remaining claims on October 3, 2025. (ECF Nos. 41, 42.) On October 20, 2025, Defendants served six total sets of written discovery on behalf of each Defendant to each Plaintiff. (ECF No. 61-1 at 1–81.) These discovery requests included

Interrogatories, Requests for Production, and Requests for Admission. (*Id.*) The Plaintiffs' responses to the discovery requests were due November 19, 2025. (ECF No. 61 at 7.) Pursuant to this Court's Order, discovery in this matter closed and was completed on December 22, 2025. (ECF No. 34.) Defendants contend, and Plaintiffs do not contest, that these discovery requests were never responded to. In fact, Plaintiffs concede that they did not develop a factual record in this case. (*See* ECF No. 72 at 3.)

As a result, on December 23, 2025, Defendants filed Motions for Summary Judgment. (*See* ECF Nos. 60, 62, 64.) Plaintiffs responded, (ECF No. 70), and Defendants replied, (ECF Nos. 67, 68, 69). As such, the matter is now ripe for adjudication.

## *II. LEGAL STANDARD*

Rule 56 of the Federal Rules of Civil Procedure governs motions for summary judgment. In pertinent part, this rule states that a court should grant summary judgment if "there is no genuine issue as to any material fact." Summary judgment should not be granted, however, if there are factual issues that reasonably may be resolved in favor of either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." *News & Observer Publ. Co. v. Raleigh–Durham Airport Auth.*, 597 F.3d 570, 576 (4th Cir. 2010).

When evaluating these factual issues, the Court must view the evidence "in the light most favorable to the opposing party." *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970). "The burden is on the nonmoving party to show that there is a genuine issue of material fact for trial . . . by offering 'sufficient proof in the form of admissible evidence' . . . ." *Guessous v. Fairview*

*Prop. Invs., LLC*, 828 F.3d 208, 216 (4th Cir. 2016). "This burden may be met by use of the depositions and other discovery materials." *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984).

Once the moving party meets its burden, the burden shifts to the non-moving party to "make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Should a party fail to make a sufficient showing on one element of that party's case, the failure of proof "necessarily renders all other facts immaterial." *Id*. at 323.

"[A] party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Liberty Lobby*, 477 U.S. at 256. "The mere existence of a scintilla of evidence" in support of the nonmoving party is not enough to withstand summary judgment; the judge must ask whether "the jury could reasonably find for the plaintiff." *Id*. at 252.

## *III. DISCUSSION*

Defendants predominantly argue that summary judgment is warranted because Plaintiffs failed to respond to Defendants' Requests for Admissions, admitting by operation of law that the remaining claims cannot be proven. (ECF Nos. 61 at 8, 63 at 10, 65 at 10.)[3]

"Courts in both districts in West Virginia have recognized the significance and conclusiveness of admitted matters at summary judgment stage." *Segal v. Dinsmore & Shohl, LLP*, No. 1:20-CV-267, 2023 WL 2752853, at *6 (N.D.W. Va. Mar. 31, 2023). Rule 36 of the

[3] The Individual Defendants also argue that they are entitled to qualified immunity on Plaintiffs' remaining federal claims, (ECF Nos. 63 at 7, 65 at 6), and the State Defendants maintain that they are entitled to immunity under the Eleventh Amendment, (ECF No. 61 at 8). Since the Court finds that summary judgment is appropriate on the merits, the Court does not reach Defendants' immunity arguments.

Federal Rules of Civil Procedure governs the scope and procedure for written requests for admissions. Rule 36(a)(3) provides, in part, "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Fed. R. Civ. P. 36(a)(3). "[A]dmissions obtained under Rule 36, including matters deemed to be admitted by a party's failure to respond to a request for admissions, can form the basis for granting Summary Judgment." *Gardner v. Borden, Inc.*, 110 F.R.D. 696, 697 (S.D.W. Va. 1986) (Haden, C.J.) (internal quotations, citations and subsequent history omitted).

### *A. Claims Against the Individual Defendants*

Counts I, III, and V of the amended complaint remain pending against the Individual Defendants. Counts I alleges that Plaintiffs have been deprived of their First Amendment rights in retaliation for filing their Previous Federal Suit in violation of 42 U.S.C. § 1983. (ECF No. 28 at ¶¶ 36–43.) Similarly, Count III alleges that Plaintiffs have been deprived of their rights under the West Virginia constitution in retaliation for these filings. (*Id.* at ¶¶ 65–69.) Namely, the remaining claims under Count III include violations of Plaintiffs' freedom of speech and right to petition under Article III, §§ 7 and 17. (*Id.*) Lastly, Count V alleges that the Individual Defendants were involved in a civil conspiracy predicated on the alleged constitutional violations. (*See id.* at ¶ 87.) The Individual Defendants argue that their motions for summary judgment must be granted as no genuine issue of material facts exists because, by failing to respond to requests for admission, Plaintiffs admitted that their claims cannot be proven. (ECF Nos. 63 at 10, 65 at 10.) The Court agrees.

The First Amendment protects "not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." *Iannacone v. Ellison*, 776 F. Supp. 3d 388, 398 (S.D. W. Va. 2025) (citing *Suarez Corp. Indus. v. McGraw*, 202 F.3d 676, 685 (4th Cir. 2000)). "The filing of a lawsuit" is also protected by "the First Amendment right to petition the government for redress of grievances," and thus "carries significant constitutional protections." *ACLU of Md, Inc. v. Wicomico County*, 999 F.2d 780, 785 (4th Cir. 1993). "To make out a First Amendment retaliation claim, a plaintiff must allege (1) that he engaged in activity protected by the First Amendment, (2) that a defendant took action to adversely affect his First Amendment rights, and (3) that a causal relationship between the protected activity and a defendant's conduct can be established." *Iannacone*, 776 F. Supp 3d. at 798 (citing *Constantine v. Rectors & Visitors of George Mason University*, 411 F.3d 474, 499 (4th Cir. 2005)).

For the third prong of a retaliation claim, Plaintiffs "must establish a 'causal connection' between the government defendant's 'retaliatory animus' and the plaintiff's 'subsequent injury.'" *Nieves v. Bartlett*, 587 U.S. 391, 398 (2019) (quoting *Hartman v. Moore*, 547 U.S. 250, 259 (2006)). Thus, Plaintiffs must show that the protected activity was the "but-for cause" of the retaliatory act, "meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Id.* at 399 (citing *Hartman*, 547 U.S. at 260).

The West Virginia Supreme Court of Appeals analyzes claims brought under Article III, Section 7 of the West Virginia Constitution the same as First Amendment claims. *See McGraw v. Imperial Marketing*, 196 W. Va. 346, 359 n.43, 472 S.E.2d 792, 805 n.39 (1996) ("The First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution are virtually identical in pertinent parts. . . . [W]e use the First Amendment to the

United States Constitution and Article III, Section 7 of the West Virginia Constitution interchangeably."); *see also State v. Berrill*, 196 W. Va. 578, 581–86, 474 S.E.2d 508, 512–16 (1996) (analyzing a First Amendment claim and a claim under the West Virginia Constitution together). As such, the Court will analyze the §§ 7 and 17 claims under the same framework as the § 1983 retaliation claim.

Here, Plaintiffs have plainly admitted by operation of law that their remaining claims against the Individual Defendants cannot be proven. The Individual Defendants served separate Requests for Admissions, along with Interrogatories, and Requests for Production of Documents to each Plaintiff on October 20, 2025. (ECF Nos. 43, 44, 46, 47.) The Individual Defendants' discovery requests included the following Requests for Admission: (1) "[the Individual Defendants] did not 'unlawfully retaliate' against [Plaintiffs]"; (2) "[Plaintiffs] have no evidence to support [their] claim that [the Individual Defendants] unlawfully retaliated against [Plaintiffs]"; (3) "[the Individual Defendants] did not intentionally deprive [Plaintiffs] of any constitutional right"; and (4) "[the Individual Defendants] did not conspire to commit unlawful acts or lawful acts by unlawful means in an effort to obtain civil monetary penalties from [Plaintiffs.]" (ECF Nos. 65-1 at 35–39, 63-1 at 68–70.)

The Individual Defendants properly served these requests, and Plaintiffs' responses were due November 20, 2025. (ECF No. 61 at 7.) Plaintiffs, without explanation, never responded to these requests for admission. The time period to respond has passed and thus each of these matters are deemed admitted by Plaintiffs. Consequently, Plaintiffs' constitutional claims fail because the undisputed facts establish the absence of any retaliatory acts or intentional constitutional deprivations on behalf of the Individual Defendants. *See Weva Oil Corp. v. Belco*

*Petroleum Corp*., 68 F.R.D. 663, 667 (N.D.W. Va. 1975) ("[U]nanswered requests for admission render the matter requested conclusively established for the purpose of that suit and . . . a summary judgment may be based on admitted matter.")

Specifically, by failing to respond to the Requests for Admission, Plaintiffs admitted that the essential elements of their retaliation claim cannot be met. First, the admissions established that the Individual Defendants did not engage in retaliatory conduct, thus, they did not take action to "adversely affect" a constitutional right. *See Iannacone*, 776 F. Supp 3d. at 798. Second, Plaintiffs admitted that the Individual Defendants did not intentionally deprive them of any constitutional right. (ECF Nos. 65-1 at 35–39, 63-1 at 68–70.) Consequently, Plaintiffs cannot establish a "causal connection" between the protected activity (i.e., filing the Previous Federal Suit) and any unlawful conduct rooted in retaliatory animus. *See Nieves*, 587 U.S. at 398 (quoting *Hartman*, 547 U.S. at 259). Accordingly, by admitting that the Individual Defendants did not "unlawfully retaliate" or "intentionally deprive" Plaintiffs of any constitutional right, there is no adverse action, nor subsequent injury, that could be attributed to the Individual Defendants. (ECF Nos. 65-1 at 35–39, 63-1 at 68–70.)

Moreover, Plaintiffs civil conspiracy claim—derived entirely from the alleged retaliatory actions—necessarily fails as a matter of law. First, Plaintiffs' claim for civil conspiracy in relation to violations of the West Virginia constitution fails because under West Virginia law, civil conspiracy is "not a standalone cause of action." *Green v. Putnam County Commission*, 2022 WL 16859755, at *6 (S.D. W. Va. Nov. 10, 2022). Instead, it is a "legal doctrine under which liability for a tort may be imposed on people who did not actually commit the tort themselves but who shared a common plan" with the tortfeasors themselves. *Id.* (quotation omitted). Thus, given

that Plaintiffs could not establish the underlying state constitutional violation, their claim for civil conspiracy premised on this point fails by the same token.

Second, in contrast, under § 1983, civil conspiracy is a standalone claim. It requires the plaintiff to prove "1) the defendants acted jointly in concert, 2) an overt act was done in furtherance of the conspiracy, and 3) the overt act resulted in deprivation of plaintiff's constitutional right." *Id.* (citing *Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996)). Here, due to their lack of a response to Defendants' Requests for Admission, Plaintiffs admitted that the Individual Defendants (1) did not conspire to commit unlawful acts or lawful acts by unlawful means, and (2) did not engage in any retaliatory conduct. (*See* ECF Nos. 65-1 at 35–39, 63-1 at 68–70.) In the absence of any conspiratorial acts, Plaintiffs cannot establish a resulting deprivation of their constitutional rights. Accordingly, there is not a dispute of material fact that would allow Plaintiffs' claim to survive a motion for summary judgment.

Summary judgment for the Individual Defendants is therefore appropriate and the Motions for Summary Judgment, (ECF Nos. 62, 64), on Counts I, III, and V are **GRANTED**.

***B. Claims Against the State Defendants***

Count III is the only claim still pending against the State Defendants. Count III alleges that Plaintiffs have been deprived of their rights under the West Virginia constitution in retaliation for filing their Previous Federal Suit. (ECF No. 28 at ¶¶ 65–69.) The State Defendants' position is essentially identical to the Individual Defendants' argument as it pertains to the alleged state constitutional violations, thus the Court reaches the same conclusion as above.

Plaintiffs similarly did not respond to any Requests for Admission served by the State Defendants. The State Defendants served Requests for Admission that included the following

admissions: (1) "[the State Defendants] did not 'unlawfully retaliate' against [Plaintiffs]"; (2) "[Plaintiffs] have no evidence to support [their] claim that [the State Defendants] allegedly 'unlawfully retaliated' against the [Plaintiffs]"; (3) "[the State Defendants] did not violate [Plaintiffs'] Freedom of Speech rights under the West Virginia Constitution"; and (3) "[the State Defendants] did not violate [Plaintiffs'] Right to Petition under the West Virgina Constitution." (ECF No. 61-1 at 8–9.) As such, through discovery, it has been conclusively established pursuant to Federal Rule of Civil Procedure 36 that the State Defendants did not violate Plaintiffs' rights under the West Virginia Constitution. *See Am. Auto. Ass'n (Inc.) v. AAA Legal Clinic of Jefferson Crooke, P.C.*, 930 F.2d 1117, 1120–21 (5th Cir. 1991) ("This conclusive effect applies equally to those admissions made affirmatively and those established by default, even if the matters admitted relate to material facts that defeat a party's claim.")

Accordingly, the State Defendants' Motion for Summary Judgment on Count III is **GRANTED**.

Plaintiffs' only argument regarding the conclusive impact of their unresponsiveness to the Requests for Admission is that Defendants' position was mooted by a previous order denying Defendants' Motion to Deem Requests Admitted. (ECF No. 70 at 3.) Plaintiffs' argument misinterprets how Rule 36(a)(3) operates. The application of Rule 36 is automatic and self-executing. *See Hill v. Laury*, No. 3:06-cv-79, 2006 WL 2631796, *3 (E.D. Va. Sept. 13, 2006) (The "sanction for failure to respond to a request for admission is *self executing*[.]") (emphasis added)). Thus, no motion was necessary, and the requests were deemed admitted when Plaintiffs failed to timely respond. *See generally Burwick v. Pilkerton*, 700 Fed. Appx. 214, 216–17 (4th Cir. 2017) (failure to timely respond to requests for admission, by operation of Fed. R. Civ. P. 36,

caused requests to be admitted). A matter deemed admitted under Rule 36 "is conclusively established unless the court, *on motion*, permits the admission to be withdrawn or amended." Fed. R. Civ. P. 36(b) (emphasis added). The burden was therefore on Plaintiffs to file a motion to withdraw their deemed admissions, and they failed to do so. Accordingly, Defendants' unsuccessful motion to deem the requests admitted did not alter the automatic admission of the requests under Rule 36.

In light of these factual admissions, Plaintiffs have not offered even a "scintilla of evidence" that would create a dispute of material fact on essential elements of his case. *See Anderson*, 477 U.S. at 252.

## ***IV. CONCLUSION***

For the reasons stated herein, Defendants' Motions for Summary Judgment, (ECF Nos. 60, 62, 64), are **GRANTED**.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: 9/17/2026

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE